# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| FRENCHIE BOND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13-CV-2130-RWS |
| ST. LOUIS COUNTY JAIL, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's motion for leave to proceed in forma pauperis [Doc. #2]. For the reasons stated below, the Court will grant plaintiff in forma pauperis status and assess an initial partial filing fee of $48.32. In addition, the Court will instruct plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.

After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $241.58 and an average monthly balance of $37.91. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $48.32, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon

2

which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Missouri Eastern Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations that took place at the St. Louis County Jail on August 29, 2011. Named as defendants are the St. Louis County Jail, Unknown Smith (a correctional officer), and Herbert Bernsen (Director, St. Louis County Justice Center).

**Discussion**

At the outset, the Court notes that plaintiff has failed to complete Section III of the complaint titled "Grievance Procedures," and instead, has typed: "NOT A GRIEVANCE MATTER." The Court disagrees; the facts at issue in this lawsuit constitute a grievance matter, and plaintiff should have presented his complaints to the grievance system at the St. Louis County Jail.[1] It is unclear what, if any, steps plaintiff took to fully exhaust his prison grievances prior to filing this case.

Because plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint on a Court form, setting forth the grievance procedures he undertook at the St. Louis County Jail relative to the alleged

---

[1] Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

constitutional violations that took place there on August 29, 2011. Moreover, because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is reminded that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews. Thus, plaintiff must include in the "Caption" of the amended complaint the names of all defendants he wishes to sue in this action; in the "Statement of Claim," he must set out, *in separate numbered paragraphs*, specific facts against each named defendant, and he must state whether he is suing each defendant in his individual and/or official capacity; and in the "Relief" section, he must briefly set out what he wants the Court to do for him. Plaintiff must also sign the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $48.32 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this Order, in accordance with the specific instructions set forth above.[2]

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff the Court's form for filing a complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice and without further notice to him.

Dated this 31st day of January, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

---

[2]For his amended complaint, plaintiff shall use the Court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983.